**DAVID A. DILLARD, CA Bar No. 97515**
ddillard@lrrc.com
**LEWIS ROCA ROTHGERBER CHRISTIE LLP**
**655 N. Central Avenue, Suite 2300**
**Glendale, California 91203-1445**
**Telephone: (626) 795-9900**
**Facsimile: (626) 577-8800**

Attorneys for Plaintiff/Counterclaim-Defendant,
Mobile Hi-Tech Wheels

**EDWARD W. BURNS (SBN 201913)**
**BURNS & SCHALDENBRAND**
**509 North Coast Highway**
**Oceanside, California 92054**
**Telephone (760) 453-2189**
**Facsimile (760) 453-2194**
ewburns@bsrlawyers.com

**NEIL D. GREENSTEIN (SBN 123980)**
**TECHMARK**
**3525 Del Mar Heights Road, #780**
**San Diego, California 92130**
**Telephone (858) 779-9046**
**Facsimile (408) 280-2250**
ndg@techmark.com

Attorneys for Defendant/Counterclaimant,
Wheel Pros, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| MOBILE HI-TECH WHEELS,<br><br>    Plaintiff-Counter-Defendant,<br><br>    vs.<br><br>WHEEL PROS, LLC,<br><br>    Defendant-Counterclaimant. | **Case No. 2:15-cv-08848 SVW(AJWx)**<br><br>**Hon. Stephen V. Wilson**<br><br>**PROTECTIVE ORDER RE: CONFIDENTIAL MATERIALS** |

## I. INTRODUCTION

**WHEREAS**, in the course of this litigation disclosure will be sought of information which a party or third party regards as being of a confidential, commercially sensitive, trade secret, and/or proprietary nature, including, but not limited to, financial and other business information; and

**WHEREAS**, there is a need to establish a mechanism to protect the disclosure of such confidential or proprietary information in this action;

**GOOD CAUSE HAVING BEEN SHOWN**;

The following protective order ("Protective Order"), in accordance with FRCP 26(c), shall govern the disclosure of confidential and/or proprietary information provided in discovery in this action by any party or third party.

## II. DEFINITIONS.

The following definitions apply in this Protective Order:

A. The designation "CONFIDENTIAL" (or words substantially equivalent) may be applied by a party or third party to any type of information which that party or third party believes in good faith to constitute, contain, reveal or reflect proprietary, trade secret, commercially sensitive and/or confidential financial, business or related information which that party would not normally reveal to third parties, or if disclosed, would require such third parties to maintain in confidence. The designation of material as CONFIDENTIAL shall be a certification to the Court and to the other parties that such information is earnestly believed to qualify as protectable material within the meaning of this Protective Order. Such designation shall not be made to impose burden or delay on an opposing party, or for tactical or other advantage in litigation.

B. The designation "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" (or words substantially equivalent) may be applied by a party or third party to any type of information which it believes in good faith to constitute, contain, reveal or reflect proprietary, trade secret, commercially sensitive and/or

-2-

confidential, financial, business or related information which is so highly sensitive and confidential as to require the possession of such information to be limited to outside counsel and their agents (as identified below) only. This designation shall be made as sparingly as possible and shall be a certification to the Court and the other parties that such information is believed subject to this more restrictive classification within the meaning of this Protective Order.

C. "Protected Material" refers to all information which is subject to the designations "CONFIDENTIAL," or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" as described above including any copies, abstracts, summaries, or information derived from such Protected Material, and any notes or other records regarding the contents of such Protected Material. Protected Material shall be governed by the terms of this Protective Order, until released by the producing Party or by further order of the Court.

D. "Counsel" means counsel of record for any Party (excluding any in-house counsel for either whether or not they are a counsel of record) and includes lawyers who are partners and "of counsel" with a counsel of record, full and part-time attorneys associated with a counsel of record and his/her paralegals, legal assistants, secretaries and other support personnel and to whom it is necessary to disclose Protected Material for the purpose of this action.

E. "Party" or "Parties" means a party or parties to this action.

F. "Qualified Expert" means, for purposes of this Protective Order, an independent consultant or expert witness (including partners, associates, and employees of the firm which employs such expert), retained by a Party or its Counsel for purposes of this litigation or any other proceedings between the Parties, and shall include, without limitation, independent accountants, market experts, statisticians, economists, and technical experts.

G. "Third Party" means every person or entity not a party to this action that provides information, either testimonial or documentary, for use in this

litigation through discovery or otherwise.

III. **TERMS OF THE PROTECTIVE ORDER.**

    A. **Materials Subject to Designation.**

All information, documents, materials, tangible things, transcripts of depositions, exhibits, answers to interrogatories and requests for admissions, whether obtained by inspection of files or facilities, by production of documents or by identification of documents previously gathered may be designated by the producing Party or Third Party as Protected Material in conformity with the definitions set forth above.

    B. **Treatment of Protected Material.**

Information designated as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" and all information derived therefrom (excluding such information as is derived lawfully from an independent source) shall not be disclosed, given, shown, made available or communicated in any way to any person or entity other than as expressly authorized by this Protective Order. Such information shall be used only for the purposes of this litigation or other disputes between the Parties relating to the subject matter of the patent(s) in issue, and shall not directly or indirectly be used for any business, financial or other purpose whatsoever.

    C. **Access to Protected Material.**

        1. **CONFIDENTIAL Material**

In accordance with the limitations and procedures set forth herein, access to Protected Material shall be limited to the following persons:

        a. Counsel;

        b. any in-house counsel, director or officer of a party or third-party witness but only to the extent deemed necessary by the attorneys for such party for the prosecution or defense of this litigation;

        c. representatives of the insurance companies for the parties;

-4-

      d.    pursuant to the terms of paragraph D and subject to paragraph J: (i) any deponent to the extent such access is necessary to question the deponent, and to the extent deemed necessary by the counsel for the deponent to understand the deposition questions and context; (ii) any deponent who authored or wrote the document or information in issue; (iii) any deponent who is indicated as a recipient of the document or information in issue; or (iv) any former officers or employees or other witnesses being deposed to testify in depositions in this action or as witnesses at trial if such person would otherwise be qualified to receive such designated information or document if still employed by a Party;

      e.    Qualified Experts;

      f.    any other persons upon the written agreement of the receiving and producing Party or its Counsel, or by stipulation on the record in a court hearing or in a recorded deposition;

      g.    employees of attorney services or professional copy services retained by a Counsel for one of the Parties;

      h.    any court reporter or videographer reporting a deposition; and

      i.    the Court.

**2.** **CONFIDENTIAL -- ATTORNEYS' EYES ONLY Material**

In accordance with the limitations and procedures set forth herein, access to Confidential – Attorneys' Eyes Only Protected Material shall be limited to the persons identified in paragraphs C(1)(a) and C(1)(d)-(i) of this Protective Order.

**D.** **Agreement by Persons Accessing Protected Materials.**

All persons identified in paragraphs C(1)(b)-(f) who may be given access to Protected Material shall be required, prior to receiving any such Protected Material, to read this Protective Order and agree, in writing, to be bound by its terms by executing an acknowledgment in the form of Exhibit A annexed hereto.

### E. Exclusions from Protective Order.

Notwithstanding the designation as Confidential or Confidential – Attorneys' Eyes Only of any Protected Material and subject to the procedural requirements herein particularly the provisions of paragraph T, said Protected Material shall not, in fact, be confidential nor shall disclosure be limited in accordance with this Protective Order, if the content and/or substance thereof was already lawfully in the public knowledge, in the lawful possession of a Party at the time of the disclosure by the other Party and was not acquired directly or indirectly from the disclosing Party. The party claiming exclusion under this section shall have the burden of proof of the same.

### F. Record of Disclosure.

A file shall be maintained by a Counsel of Record for each Party making disclosure to Third Parties of all written agreements signed by persons to whom materials designated as "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" or "CONFIDENTIAL" have been given. A copy of each such agreement shall be sent to Counsel of Record for the designating Party upon request.

### G. Manner of Designating Documents.

A party shall designate documents containing Protected Material by placing a legend in plain view on each page of any document that party wishes to protect against disclosure or use. This legend shall state "CONFIDENTIAL -- ATTORNEYS' EYES ONLY," or "CONFIDENTIAL," (or substantially similar language) as appropriate. A designation of Protected Material as to anything of which inspection or sample has been requested shall be made by placing a "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" or "CONFIDENTIAL"

legend (or substantially similar language) on the thing or container within which

it is stored. If native electronic files are produced and placing a legend on each page is not practicable, such legend shall be placed in the name of the

electronic file, or by some other means of designation agreed upon by the Parties. All documents and things shall be marked prior to the provision of a copy thereof to the other Party.

### H. Initial Failure to Designate Information.

The initial failure to designate information "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" or "CONFIDENTIAL" in accordance with this Order shall not preclude any Party, at a later date, from so designating the documents and to require such documents to be treated in accord with such designation from that time forward. If such information has previously been disclosed to persons no longer qualified after such designation, the disclosing Party shall take reasonable efforts to retrieve all such previously disclosed information, advise such persons of the claim of confidentiality, and have such persons execute written confidentiality agreements in the form attached hereto as Exhibit A.

### I. Treatment of Confidential Information During Inspection of Documents.

Should a Party elect to make available certain of its voluminous files kept in the usual course of business for inspection by a receiving Party, which voluminous files may contain CONFIDENTIAL (and/or CONFIDENTIAL – ATTORNEYS' EYES ONLY) as well as non-confidential material, all such documents and files made available for such inspection by the receiving Party (including any summaries thereof made by the receiving Party) shall be treated as required under this Protective Order as "Confidential – Attorneys' Eyes Only". In the event that a receiving Party desires to have the "Confidential – Attorneys' Eyes Only" designation removed or changed to "Confidential" for any documents or summaries thereof, the receiving Party shall comply with the procedures set forth in paragraphs E and T. Making documents and things available for inspection shall not, by itself, constitute a waiver by the producing Party of any

claim of confidentiality, or any other right or privilege. Nothing in this paragraph shall prevent any receiving Party from asserting in Court that the documents so designated by the producing Party should not be subject to such designation under this Protective Order.

### J. Use of Protected Material at a Deposition.

At the deposition of any Party or witness in this action, if the questioning is such that the Party or witness determines that an answer to a question or a line of questioning discloses Protected Material or information that could lead to the disclosure of Protected Material, such Party or witness may designate that information "Confidential" or "Confidential – Attorneys' Eyes Only" for purposes of the deposition. Portions of the deposition that are so designated shall be conducted so that only those persons duly authorized to receive Protected Material are present. In the event that a producing Party determines that any transcript of a deposition, or any portion thereof, should be permanently designated "Confidential" or "Confidential – Attorneys' Eyes Only", such producing Party shall make its designations pursuant to the terms of paragraph K.

### K. Manner of Designating Depositions.

In the case of a deposition, counsel for a Party (or third-party witness) may, at any time during such deposition, temporarily designate the entire deposition as "CONFIDENTIAL – ATTORNEYS' EYES ONLY," provided, however, that where such an initial designation has been made, the designating Party or person, within fifteen (15) days after receipt of the final transcript (not merely a rough draft), shall mark as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" those pages of the transcript as such Party or Third Party shall then deem confidential, (the confidential designation of all remaining pages being rescinded after such period), and shall notify all other Parties in writing which pages are deemed Protected Material. In the event that such notice is not sent within said fifteen (15) days of the receipt of the final transcript (or some

extended period), no portion of the deposition shall thereafter be Protected Material unless the designating Party or Third Party thereafter notifies all Parties that the failure to timely designate occurred by oversight.

### L. Court Reporters.

Any court reporter who reports the testimony in this action at a deposition shall agree, before reporting any such testimony involving Confidential Information, that all Protected Material is and shall remain confidential and shall not be disclosed by the Court Reporter except to the counsel of record and any other person who is present while such testimony is being given; that copies of any transcript, reporter's notes or any other transcription records of any such testimony shall be retained in absolute confidentiality and safekeeping by such reporter or shall be delivered to the counsel of record for the designating party or to the Court subject to the provisions hereof.

### M. Filing Documents Under Seal With The Court.

Local Rule 79-5 shall be followed with respect to information designated as Protected Material which is filed or lodged with the court, or any pleading or memorandum purporting to reproduce or paraphrase such information, and which a party believes should be filed or lodged under seal. Copies of such Protected Material filed or lodged may be served on the other Parties in PDF or TIFF format (or in appropriate circumstances, a native format). If the Parties agree, such Protected Material may be served on counsel through the Internet, but if such Protected Material is sent through the Internet (whether by email, ftp link or otherwise), such Protected Material shall be encrypted with a minimum encryption level of AES-256 and a password of at least 16 characters using a combination of letters, numbers and special characters. Such password shall not be sent through the Internet. Such encrypted files shall be accessible using standard decryption programs such as WinZip or 7-Zip.

### N. No Effect On Party's Own Use.

Nothing contained in this Protective Order shall affect the right of a party to disclose or to use as it desires any of its own Protected Material.

### O. Third Party Can Adopt This Order for Its Confidential Information.

If proprietary, trade secret, commercially sensitive and/or confidential financial, business or related information which that party would not normally reveal to third parties, or if disclosed, would require such third parties to maintain in confidence, is requested from a Third Party, such Third Party may, if it desires, adopt the benefits and burdens of this Protective Order as it applies to Parties to this Action.

### P. No Bar to Client Counseling.

Nothing contained in this Protective Order shall bar or otherwise restrict the right of any of the Counsel from advising their clients with respect to this action or from doing anything necessary to prosecute or defend this action and further the interests of their clients, provided that absent a stipulation or Court Order, no Counsel may disclose any Protected Material in violation of this Protective Order.

### Q. Court Hearing and Other Proceedings.

Nothing contained in this Protective Order shall be construed to prejudice any Party's right to use before the Court any Protected Material. However, before doing so, to the extent not otherwise authorized to be so used hereunder, the receiving Party intending to use Protected Material shall so inform the producing Party, and the producing Party may apply to the Court for appropriate protection, including clearing the hearing room or courtroom of persons not entitled to receive or review such Protected Material.

### R. Legal Effect of Designations.

The designation by a party of any document, material or information as

"CONFIDENTIAL -- ATTORNEYS' EYES ONLY" or "CONFIDENTIAL" is intended solely to facilitate discovery in this action, and neither such designation nor treatment in conformity with such designation shall be construed in any way as an admission or agreement by any Party that the designated disclosure constitutes or contains confidential information.  This Protective Order shall not prejudice the right of any Party to bring before the Court a motion seeking a declaration that information produced by the other Party (or a Third Party) is not Protected Material and should not be subject to the terms of this Protective Order, provided, however that the receiving Party shall first attempt to resolve the issue informally with the designating Party (or Third Party).  A Party bringing such motion shall have the burden of proving that the information designated as Protected Material is in the public domain or was in possession of the receiving Party prior to its disclosure through discovery in this action, or is otherwise not appropriately designated as Protected Material.  Failure to so designate any document or thing shall not constitute a waiver of any claim by a Party that such documents or things do contain proprietary, trade secret, commercially sensitive and/or confidential financial, business or related information.

### S. **Final Disposition of Action.**

Within sixty (60) days after the final disposition of this action, including appeals, each counsel of record shall, upon the request of a Party (or producing Third Party):  (a) promptly return to counsel of record for the designating Party (or Third Party) all information designated "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" or "CONFIDENTIAL" and all copies made thereof which are not in custody of the Court; or (b) promptly destroy or see to the destruction of all writings related thereto, and certify to the designating Party that such destruction has been done.  Counsel of record may retain necessary and reasonable copies of Protected Material (including electronic copies which may be in email or in backup files), a file copy of any document filed with the Court, a copy of any

written discovery response, and a transcript of any deposition testimony, together with all exhibits thereto; provided, however, that such Protected Material shall continue to be governed by the terms of this Protective Order. The copy of any retained documents shall be treated as "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" and counsel of record shall immediately notify opposing counsel of record of any attempt by Third Parties to inspect and/or copy said documents.

### T. Motion For Relief From Designation.

If, subsequent to a Party's receipt of information designated "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" or "CONFIDENTIAL," it shall appear to such Party that any such information is not of a nature warranting the protection afforded hereunder, such Party shall first notify counsel for the designating Party (or third party) in writing, providing its reasons for challenging the designation.

The designating Party (or third party) shall then notify the objecting Party in writing of the bases for the asserted designation within five (5) business days after receiving such written objection from the objecting Party. The Parties shall then confer in good faith in an effort to resolve informally the validity of the designating Party's (or third party's) designation within ten (10) business days after the objecting Party has received the designating party's notice of the bases for the asserted designation. Counsel for either Party can grant an extension of time for this conference as mutually agreed upon by counsel for the Parties.

If the dispute is not so resolved after fifteen (15) business days after notice of objection, the objecting Party may bring a noticed motion to be relieved of its obligations under this Protective Order as to any such Protected Material. Except as otherwise provided herein, the producing Party bears the burden of proof that any designated material meets the requirements for such designation. The material shall in all respects be treated as Protected Material from the time of original designation until the Court has determined the issue.

**U.  All Substantive Objections Preserved.**

This Protective Order is intended to provide a mechanism for handling the disclosure or production of confidential information during pretrial discovery in this action to which there is no other objection other than confidentiality. This Protective Order is not intended to and shall not prejudice the right of a Party to: (a) object to a request for discovery on any ground, (b) seek additional protective treatment for any such information, (c) object to the designation of any document or information as "Confidential" or "Confidential – Attorneys' Eyes Only", or (d) seek any modification of or relief from any provision of this Protective Order, either generally or as to any particular information, by properly noticed motion with notice to all Parties and their respective counsel. The producing Party shall have the burden of establishing that the information should be deemed Protected Material.

**V.  Modification of Order.**

This Protective Order does not address *inter alia* protection of software source code as such material is not anticipated to be needed or produced in this matter. This Protective Order shall not prevent any of the Parties from applying to the Court for relief therefrom, or from applying to the Court for further or additional Protective Orders for protection of source code or other extremely highly sensitive Protected Material. In addition, this Protective Order may be amended without leave of Court by the written agreement of counsel for the Parties to this Protective Order and any pertinent Third Parties in the form of a stipulation that shall be filed in this action; provided, that any such stipulated amendment does not impose any additional burdens on the Court. Finally, this Protective Order is intended to govern discovery and the District Judge retains all rights to modify this Protective Order for trial purposes.

**W.  Survival of Terms.**

Absent written modification hereof by the Parties hereto or further order of

the Court, the provisions of this Protective Order that restrict the disclosure and use of confidential Information shall survive the final disposition of this action and continue to be binding on all persons subject to the terms of this Protective Order.

### X. Submitting to Jurisdiction of the Court.

Each person to whom disclosure of any Protected Material is made shall be subject to and hereby submits to the jurisdiction of the United States District Court for the Central District of California for the purpose of contempt proceedings in the event of any violation of this Order.

### Y. Violation of Order.

In the event anyone shall violate or threaten to violate any term of this Protective Order, the Parties agree that the aggrieved Party (or Third Party) may immediately apply to obtain injunctive relief against any such person violating or threatening to violate any of the terms of this Protective Order and, in the event the aggrieved Party (or Third Party) shall do so, the respondent person subject to the provisions of this Protective Order shall not employ as a defense thereto the claim that the aggrieved party possesses an adequate remedy at law. The Parties and any other person subject to the terms of this Protective Order agree that this Court has jurisdiction over such person or party for the purpose of enforcing this Protective Order. In the event that any Protected Material is disclosed by a receiving Party in violation of this Protective Order, the Protected Material shall not lose its status through such disclosure.

If information subject to this Protective Order is disclosed to any unauthorized person either through inadvertence, mistake, without authorization from the producing Party, or other than in the manner authorized by this Protective Order, the person responsible for the disclosure shall immediately (a) inform the producing Party of all pertinent facts relating to such disclosure including, without limitation, the name, address, and telephone number of the

-14-

recipient and his or her employer; (b) use his best efforts to retrieve the disclosed information and all copies thereof; (c) advise the recipient of the improperly disclosed information, in writing, of the terms of this Protective Order; (d) make his or her best efforts to require the recipient to execute an agreement to be bound by the terms of this Protective Order in the form of the acknowledgment attached hereto as Exhibit A; and (e) take all other reasonable steps to prevent further disclosure by or to the unauthorized person who received the Protected Material. Sanctions for inadvertent or intentional disclosure of Protected Material shall be decided by the Court, after opportunity for briefing and argument by the affected Parties.

### Z.  Attorneys' Fees and Costs.

The prevailing Party on any action or motion brought to enjoin a violation of this Protective Order or to recover damages as a result of a violation of this Protective Order, which is not resolved after a good faith meeting and conference between the Parties, shall be entitled to recover all costs and expenses related to a willful violation, including the recovery of reasonable attorneys' fees.

### AA.  Subpoena in Another Action.

If any Party which has received Protected Material (the "Receiver") is: (i) subpoenaed in another action, (b) served with a demand in another action to which it is a party, or (c) is served with any other legal process by one not a party to this action, seeking Protected Material, the Receiver shall give notice, within five (5) business days of receipt of such subpoena, demand, or legal process, to the designating Party.  The Receiver shall not produce any of the designating Party's Protected Material, unless otherwise ordered by a court of competent jurisdiction, for a period of at least five (5) additional business days after providing the required notice to the designating Party.  If, within five (5) business days of receiving such notice, the designating Party gives notice to the Receiver that the designating Party opposes production of its Protected Material, the

-15-

Receiver shall not thereafter produce such Protected Material except pursuant to a court order requiring compliance with the subpoena, demand, or other legal process. The designating Party shall be solely responsible for asserting any objection to the requested production. Nothing herein shall be construed as requiring or prohibiting the Receiver or anyone else covered by this Protective Order to challenge or appeal any order requiring production of Protected Material, or to subject such person to any penalties for non-compliance with any legal process or order, or to seek any relief from this Court.

### AB. Clawback of Privileged Information.

Consistent with the FRE 502(d) order submitted herewith, the disclosure or production of any information or document that is subject to an objection on the basis of attorney-client privilege or work-product protection, will not be deemed to waive a party's claim to its privileged or protected nature or estop that party or the privilege holder from designating the information or document as attorney-client privileged or subject to the work product doctrine at a later date. Any party receiving any such information or document shall return it upon request from the producing party. Upon receiving such a request as to specific information or documents, the receiving party shall return the information or documents to the producing party within five (5) business days, regardless of whether the receiving party agrees with the claim of privilege and/or work-product protection. Disclosure of the information or document by the other party prior to such later designation shall not be deemed a violation of the provisions of this Agreement.

If, upon review of information or a document produced by a party, the reviewing attorney believes that the information or document may be the subject of attorney-client privilege or work-product protection, the reviewing attorney shall cease review of the information or document and bring the information or document to the attention of the producing party. The producing party shall have five (5) business days in which to designate the information or document as

-16-

privileged. Should the producing party not make a privilege designation within five (5) business days, the producing party shall have been deemed to waive the privilege.

**IT IS SO ORDERED.**

DATED: 02/23/2016

_____
Hon. Andrew J. Wistrich
United States Magistrate Judge

-17-

1
2
3
4
5
6
7
8
9
10
11
12
13
14 **EXHIBIT A**
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury under the laws of the United States of America that I have read in its entirety and understand the Protective Order that was issued by the United States District Court for the Central District of California on _____, 2016, [date] in the case titled Mobile Hi-Tech Wheels v. Wheel Pros LLC, Case No. 2:15-cv-08848 SVW (AJWx).

I agree to comply with and to be bound by all the terms of this Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.

I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Protective Order.

DATED: _____

_____
[Printed Name]

_____
[Signature]

AKS PAS1402942.1-*-02/5/16 3:21 PM